# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

December 26, 2019

<u>Via ECF</u>
Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Plaintiff's Letter Motion Requesting Court Approval of Settlement Agreement**
***ZHAO et al. v SOHO SUSHI, INC. d/b/a Soho Sushi et al., 17-cv-02517***

Dear Judge Daniels:

Plaintiff writes report that parties have come to an agreement on settling this matter.

**I.   Background**

Plaintiff KEWEI ZHAO was employed by Defendants SOHO SUSHI, INC. d/b/a Soho Sushi and LI BIN CAO, and YUFITA TJHIN, (collectively, "Defendants"),

This lawsuit was originally filed on April 07, 2017, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 *et seq.*, § 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff KEWEI ZHAO claimed that he worked approximately sixty-two (61.75) hours on average each week from August 15, 2011 to November 19, 2013; for about sixty-one (60.75) hours on average each week from November 20, 2013 to November 20, 2014; for about fifty-six (55.75) hours on average each week from November 21, 2014 to November 19, 2015; for about sixty-one (60.75) hours on average each week from November 20, 2015 to November 15, 2016; and he was paid Eight Hundred Dollars

Hon. George B. Daniels
Page 3

($800.00) per month from August 15, 2011 to November 19, 2013; Nine Hundred Dollars ($900.00) per month from November 20, 2013 to November 19, 2015; and one thousand dollars ($1,000.00) per month from November 20, 2015 to November 15, 2016.

Plaintiff KEWEI ZHAO's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Thirty-Seven Thousand Seven Hundred Fifty-Two Dollars And Thirty-Two Cents ($37,752.32) and his minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was One Hundred Eight Thousand Three Hundred Eighty-Eight Dollars And Twenty Cents ($108,388.20). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Forty-Five Thousand Four Hundred Sixty-Four Dollars And Ninety-Eight Cents ($45,464.98) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Two Hundred Eighty-Three Thousand Seven Hundred Seven Dollars And Ninety-Four Cents ($283,707.94).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### III.   The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Two Thousand Four Hundred Six Hundred Eight Dollars and Fifty Five Cents ($2608.55). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is One Hundred Twenty-Two Thousand Three Hundred Ninety One Dollars and Forty Five Cents ($122,391.45).

Of the Net Settlement Amount, One Third (1/3), or Forty Thousand Seven Hundred Ninety Seven Dollars and Fifteen Cents ($40,797.15), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand Six Hundred Eight Dollars and Fifty Five Cents ($2,608.55) for a total of Forty-Three Thousand Four Hundred Five Dollars and Seventy Cents ($43,405.70). Of the Net Settlement Amount, Two Thirds (2/3), or Eighty-One Thousand Five Hundred Nienty

Hon. George B. Daniels
Page 4

Four Dollars and Thirty Cents ($81,594.30) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

      The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seeks One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

      For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*


/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324